**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JUAN CARLOS GONZALEZ, a/k/a Juan
Carlos Gonzalez-Rodriguez,
          *Defendant-Appellant.*

No. 03-4145

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-285)

Submitted: May 29, 2003

Decided: June 5, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. Defranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Juan Carlos Gonzalez was convicted, pursuant to his guilty pleas, of conspiracy to distribute and distribution of cocaine. 21 U.S.C. §§ 841(a), 846 (2000). On appeal, Gonzalez contends that the district court erred by refusing to apply the "safety valve" provision, *U.S. Sentencing Guidelines Manual* § 5C1.2 (2000). Finding no error, we affirm.

Gonzalez has the burden of proving that he qualified for application of the safety valve provision, and we find that he has failed to meet this burden. *See United States v. Beltran-Ortiz*, 91 F.3d 665, 669 (4th Cir. 1996). The safety valve provision applies only if all five of the following criteria are satisfied: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or a credible threat of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) no one was killed or seriously injured during the commission of the offense; (4) the defendant was not an organizer, leader, manager, or supervisor of others, and was not involved in a continuing criminal enterprise; and (5) the defendant truthfully and timely provided to the government all of the information and evidence he had pertaining to the offense. *See* USSG § 5C1.2.

In the present case, it is undisputed that Gonzalez satisfied the first four criteria. However, the district court found that Gonzalez failed to satisfy the fifth criterion. Specifically, the court found that Gonzalez was untruthful about the scope of his activities.

The record supports the district court's finding that Gonzalez was not entirely truthful regarding the scope of his activities. Specifically, the court found Gonzalez's report to the Government that he was involved in no drug transactions other than the charged offense was

not truthful. We give due deference to the district court's opportunity to judge the credibility of witnesses and will only reverse the court's factual findings if they are clearly erroneous. *See United States v. Romer*, 148 F.3d 359, 371 (4th Cir. 1998); *Beltran-Ortiz*, 91 F.3d at 669 n.4. The undercover agent who purchased drugs from Gonzalez testified at Gonzalez's sentencing hearing that the confidential informer who contacted Gonzalez to purchase in excess of 500 grams of cocaine had dealt with Gonzalez previously. Moreover, Gonzalez agreed to a transaction for a kilogram of cocaine and sold half that amount to the agents on a few hours notice. The district court did not clearly err in finding Gonzalez's assertion he had never been involved in any other drug transaction not worthy of belief.

We therefore affirm Gonzalez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*